FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 02 2014   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CACTUS PAPER, LLC,

                         Plaintiff,

         -against-

JOHN PRESTIA; MONICA PRESTIA A/K/A
MONICA GERMAN PRESTIA; AND JOHN
DOE "1" through "12" said persons or parties
having or claimed to have a right, title or
interest in the Mortgaged premises, herein their
respective names are Presently unknown to
the Plaintiff

                         Defendants.

------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-2180

(Wexler, J.)

APPEARANCES:

    THE MARGOLIN & WEINREB LAW GROUP, LLP
    BY:   Alan H. Weinreb, Esq.
    Attorneys for Plaintiff
    165 Eileen Way, Suite 101
    Syosset, New York 11791

    DELISA LAW GROUP, PLLC
    BY:   Michael C. DeLisa, Esq.
    Attorneys for Defendants
    630 Johnson Avenue, Suite GL 006
    Bohemia, New York 11716

WEXLER, District Judge:

    Before the Court is the Plaintiff's motion for a default judgment, pursuant to Federal Rule of Civil Procedure 55(b). Defendants John Prestia and Monica Prestia oppose Plaintiff's motion.

For the following reasons, Plaintiff's motion for a default judgment is denied.

BACKGROUND

This is an action to foreclose a mortgage secured by Defendants John and Monica Prestia (the "Prestias") on August 4, 2005 from National City Bank in the amount of $68,950.00, which covers the premises located at 3067 Lonni Lane in Merrick, New York. (Compl. ¶ 8.) On June 26, 2013, National City Bank's successor by merger, PNC National Bank Association, assigned the Prestias' Mortgage, by written assignment, to Plaintiff Cactus Paper, LLC. (Compl. ¶ 8.) Plaintiff's Complaint alleges that the Prestias defaulted on their mortgage in January 2010 and that the default continues to date. (Compl. ¶ 11.)

Plaintiff commenced the within foreclosure action on April 7, 2014. By stipulation and Order dated July 15, 2014, Defendants were afforded an extension of time to answer the Complaint until July 21, 2014. On July 22, 2014, no Answer having been filed by Defendants, Plaintiff requested a Certificate of Default from the Clerk of the Court. Later that same day, Defendants filed their Answer - one day late. On July 23, 2014, the Clerk of the Court issued the requested Certificate of Default.

Plaintiff thereafter filed the within motion for a default judgment on August 22, 2014. The Prestias filed their opposition to Plaintiff's motion on September 5, 2014.

DISCUSSION

I. Legal Standard

"Default judgments are generally disfavored as the law prefers decisions based on the

merits." Kauhsen v. Aventura Motors, Inc., No. 09-4114, 2010 U.S. Dist. LEXIS 55554, at *10 (E.D.N.Y. June 7, 2010) (citing United States v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977)). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Defaults "are particularly disfavored by the law when substantial rights are implicated, or when substantial sums of money are demanded." Id. at 97 (citations omitted).

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The filing of a late answer is analogous to a motion to vacate a default," John v. Sotheby's, Inc., 141 F.R.D. 39, 35 (S.D.N.Y. 1992) (citing Meehan v. Snow, 652 F.2d 274, 275-76 (2d Cir. 1981), since "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] moved under Rule 55(c) to set it aside.'" John, 141 F.R.D. at 35 (quoting Snow, 652 F.2d at 276). Accordingly, the Court construes the Prestias' filing of a late Answer as a motion to vacate the entry of default pursuant to Rule 55(c).

While Rule 55(c) does not define 'good cause,' the Second Circuit has instructed that good cause "should be construed generously." Enron, 10 F.3d at 96. In determining whether to set aside a default, "courts must consider whether: (1) the default was willful; (2) defendant has a meritorious defense; and (3) any prejudice will result to the non-defaulting party if relief is granted." John, 141 F.R.D. at 35 (citing Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983)).

II. <u>Disposition of the Motion</u>

The Court finds good cause to set aside the default entered against the Prestias. While the

Prestias' Answer was admittedly filed one day late, the default here was plainly not willful. Counsel for the Prestias, Michael C. DeLisa, has attested, under penalty of perjury, that his law firm moved office space on July 21, 2014, the day the Answer was to be filed. (DeLisa Decl. ¶7.) Due to the move, Defendants' counsel's computer system was not fully operational until the next day, when he filed the Prestias' Answer. (DeLisa Decl. ¶ 7.) While the Court does not condone the late filing, particularly without any explanation or request for an extension, the error was understandable and far from willful on the Prestias' part.

In addition, since discovery has yet to begin in this action, Plaintiff has suffered no prejudice as a result of the Prestias' failure to timely answer. In fact, Plaintiff was aware of the Prestias' late Answer as of the date that it submitted the instant motion and failed to even allege in its papers that permitting the Prestias' late Answer would result in any meaningful prejudice. Nor did Plaintiff file any reply to the Prestias' opposition to the within motion or make any effort to rebut the Prestias' arguments why this motion should not be granted.

Finally, the Prestias' also suggest a meritorious defense to Plaintiff's claim - namely, that Plaintiff does not have standing to bring this action. "[A]s a matter of equity, it would be unfair to grant [a] default judgment to [P]laintiff at this juncture, instead of allowing [D]efendant[s], who [are] willing to defend the action," to do so. Rose v. Chin, No. 09 CV 4645, 2010 U.S. Dist. LEXIS 105526, at *4 (E.D.N.Y. Oct. 1, 2010).

Accordingly, Plaintiff's motion for a default judgment is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is denied. The Clerk of the Court is directed to vacate the default entered against Defendants John and Monica Prestia and the parties are directed to contact the assigned Magistrate Judge forthwith to begin discovery.

**SO ORDERED:**

Dated: Central Islip, New York
October 2, 2014

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge